IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | Case No. 1:19-cv-03703 |
| Plaintiff, | |
| v. | |
| MEGA ENERGY, LP, | **Jury Trial Demanded** |
| Defendant. | |

**PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE DEFENDANT TO GATHER RECORDS OF ITS TELEMARKTING CAMPAIGN TO AVOID THE DESTRUTION OF RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS**

The Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which regulates telemarketing. The lawsuit alleges that Mega Energy, LP violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff claims that Mega Energy, LP ("Mega Energy") made repeated, nonconsensual autodialed and prerecorded-voice telemarketing calls to the cellular telephone numbers of Plaintiff and others to promote its residential energy services in violation of the TCPA. The Plaintiff also alleges that the calls were made to some individuals despite their phone number's presence on the National Do Not Call Registry, such as Plaintiff.

Mega Energy revealed during the Court's Rule 16 conference that it had used a vendor to make the calls at issue, but had not gathered the records of the telemarketing activities from that vendor. The Plaintiff raised preservation issues regarding those calling records, and the Court entered the following Order:

> [I]n balancing whether to move ahead with both individual-merits discovery and discovery on the propriety of class certification, the Court set the following

> schedule. By the close of business today, 7/18/2019, Defendant shall provide Plaintiff's counsel with the Ohio telemarketing vendor's name and where it can be served with a subpoena. Plaintiff may immediately serve a subpoena on the vendor (1) seeking records that would serve as a litigation hold on class-related claims; and (2) seeking more specific records related to the individual Plaintiff's claims.

*See* ECF No. 19. In response to the Court's Order counsel for Mega Energy provided:

> Per the court's order, below is the identity and address of Mega's Illinois vendor…
>
> > Infinite Vile Solutions Pvt Ltd
> > 3rd Floor Building 59 Cavlery Ground
> > Lahore, Pakistan 55000

As the Plaintiff has now learned that those calling records are overseas, and the subpoena envisioned by the Plaintiff and the Court are untenable, he files this motion to have Mega Energy retrieve the calling records from its vendor, which ***risk imminent destruction if they are not retrieved and preserved***.

Judge Darrah ordered a similar document retrieval, including when similar calling records were overseas. *See Fitzhenry v. Career Education Corporation, et al.*, United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."). In fact, in *Fitzhenry*, discovery had been stayed pending resolution of a motion to dismiss.

Courts in this District, including Judge Pallmeyer, and elsewhere have required defendants to gather records from their telemarketing vendors, including from overseas. This is sensible because those third parties that are hired by defendants are often small, judgment proof, and outside of the United States, so not subject to the subpoena power of the parties, as is the case here. *See e.g. Charvat v. DelivercareRX, Inc.*, No. 14-cv-06832, Doc. No. 25 (N.D. Ill.)

2

(granting motion to compel requiring a defendant to produce the vendor's call records); *Mey v. Interstate National Dealer Services, Inc., et. al.*, Civil Action No 14-cv-01846, Dkt. No. 82 (N.D. Ga.) (same); *Johansen v. Ameriquote, Inc., et. al.* United States District Court for the Northern District of Georgia, Civil Action No. 16-cv-4108-RWS, Doc. No. 43 (October 13, 2017, requiring the defendant in a TCPA action to retrieve calling records from three different dialing vendors in the Philippines), *Morris v. Plattform Advertising, Inc.*, United States District Court for the Eastern District of Texas, Civil Action No. 13-cv-703, Doc. No. 35 (Same, although there was only one vendor).

Here, the Plaintiff requests such relief. To be clear, the Plaintiff is not asking that he receive the documents now, only that Mega Energy retrieve and maintain those documents for when class wide discovery commences.

**ARGUMENT**

Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). Similarly, the ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/15(d). The TCPA also makes it unlawful to place multiple telephone solicitation calls to persons or entities whose telephone

3

numbers were listed on the National Do Not Call Registry, or to have others do so on your behalf. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Finally, the TCPA also requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d)(1, 2, 3, 6). This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

Plaintiff claims that Mega Energy made repeated, nonconsensual autodialed and prerecorded-voice telemarketing calls to the cellular telephone numbers of Plaintiff and others to promote its residential energy services in violation of the TCPA. The Plaintiff also alleges that the calls were made to some individuals despite their phone number's presence on the National Do Not Call Registry, such as Plaintiff, and that the telemarketing calls were made to individuals in the absence of any "do not call" policy or training, as well as to individuals who previously indicated that they no longer wanted to be contacted, such as the Plaintiff.

Because the calls were likely transmitted using technology capable of generating thousands of similar calls per day, the Plaintiffs brought this action on behalf of a proposed nationwide classes of other persons. The classes of persons Plaintiffs seek to represent includes:

<u>INTERNAL DO NOT CALL LIST CLASS</u>

All persons within the United States who: (1) Defendant (or an agent acting on behalf of Defendant) called (2) with two or more telemarketing calls in a 12-month period.

4

### DO NOT CALL LIST CLASS

All persons within the United States to whom: (a) Defendant or a third party acting on its behalf made at least two telephone solicitation calls during a 12-month period; (b) to a residential telephone number.

### AUTODIALED TCPA CLASS

All persons within the United States to whom: (a) Defendant or a third party acting on its behalf made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) using a prerecorded voice.

### IL ATDA SUBCLASS

All Illinois residents to whom: (a) Defendant or a third party acting on its behalf made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) using a prerecorded voice.

*See* ECF No. 1 at ¶ 62. The Plaintiffs' putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached as Exhibit 1 is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice. As detailed in the chart, many of the major telecommunications providers will only retain call record information for

5

12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period. Making a further presumption, and based on Plaintiff's counsel's experience in TCPA cases, records of calling activity in Pakistan are subject to a shorter retention period.

This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where plaintiffs were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, putative class plaintiffs in TCPA cases are left to either secure an assurance that all of the records have been retrieved and are maintained or file a motion to ensure that this occurs. *See e.g. Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor).

## **CONCLUSION**

For the foregoing reasons, the Plaintiff requests that his motion be granted.

6

Dated: August 3, 2019           PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

## **CERTIFICATE OF SERVICE**

    I, hereby certify that on August 3, 2019, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Anthony Paronich*
Anthony Paronich

7